UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMI KAY VANDUSEN, | Case No. 3:26-cv-05261-TMC |
| Plaintiff, | ORDER |
| v. | |
| KALEI LAFAVE, JORDAN SANDERS, RYAN JURVAKAINEN, KEITH YOUNG, RICHARD DAHL, | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is *pro se* plaintiff Tami Kay VanDusen's motion for "preliminary injunction and temporary restraining order" ("TRO") against defendants Kalei LaFave, Jordan Sanders, Richard Dahl, Tiffany Girard, Peggy Turner, Barbara Turner, Melvin Bell, Renee Janet, Shad Mathers, Spencer Bourdeu, Andrew Swartout, Justin Krebs, Kortney Croak, Nancy Westland, Ted DeBray, Tratan Properties LLC, The Housing Authority of the City of Longview, City of Longview, City of Kelso, Cowlitz County, the State of Washington, John Reeves, Troy Brightbill, and Brad Thurman. Dkt. 2.

ORDER - 1

The Court has reviewed Ms. VanDusen's motion for a TRO and her complaint. Ms. VanDusen's motion for a TRO is DENIED. The Court also concludes that the complaint (Dkt. 7) is both frivolous and does not sufficiently allege a claim. Accordingly, Ms. VanDusen is directed to file a proposed amended complaint no later than May 1, 2026. Otherwise, the Court will dismiss her complaint without prejudice.

## II.    BACKGROUND

Ms. VanDusen began the instant case on March 13, 2026, when she filed her complaint, an application to proceed *in forma pauperis*, and motion for a TRO. Dkts. 1–2. The Honorable Grady J. Leupold granted Ms. VanDusen's motion to proceed *in forma pauperis*. Dkt. 6.

## III.    DISCUSSION

**A.    Review of Complaint**

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

ORDER - 2

misconduct alleged." *Id.* Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

In her complaint, Ms. VanDusen alleges the following. In August 2024, she informed defendant LaFav that she was writing a manuscript title "Unseen Wounds / Broken Justice / A Small Town's Secret," which detailed "local government corruption." Dkt. 7 at 18. After this, she was subject to a "24/7 surveillance operation." *Id.* This included the use of "high-tech equipment to monitor the interior of [her] private bedroom," such as "multiple drones" "inches from her window." *Id.* at 19. This also included local law enforcement following her in "a manner intended to intimidate" her in places such as the pharmacy and the waiting area of her local Kaiser Permanente facility. *Id.* at 20. It is also alleged that Defendants "intentionally sabotaged [her] digital devices and blocked [her] access" to the Kaiser Permanente portal, "preventing [her] from accessing" her discharge instructions. *Id.* at 21. Ms. VanDusen also alleges that she was assaulted by "individuals who arrived in EMS uniforms" on January 5, 2025, who were not EMS professionals, but were in fact "Cowlitz County Commissioners and/or other high-ranking public officials acting in disguise." *Id.* at 22. These officials tortured Ms. VanDusen by puncturing her skin with medical needles for "fun." *Id.*

Ms. VanDusen's allegations are concerning. However, there are two fatal issues with her complaint. First, even under the very liberal reading afforded to *pro se* pleadings, the complaint can only be described as "not facially plausible." *Islas v. Seattle Police Dep't*, No. 2:25-CV-00231-RAJ, 2025 WL 2579636, at *2 (W.D. Wash. Sept. 5, 2025). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

ORDER - 3

incredible whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25 (1992). Second, it is unclear which defendants are liable under each claim, as Ms. VanDusen simply mentions all defendants. *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."). Because of these deficiencies, the complaint must be dismissed unless Ms. VanDusen can remedy them. 28 U.S.C § 1915(e)(2)(B)(i–ii).

**B.      Motion for a Temporary Restraining Order**

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

ORDER - 4

Additional requirements are imposed on TROs that are granted "ex parte," or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party if it appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

Ms. VanDusen seeks a TRO preventing Defendants from: (1) "[e]ngaging in electronic surveillance and digital sabotage"; (2) "[i]nterfering with [her] access to legal research"; (3) "[e]ngaging in physical stalking and 'loitering' at [her] residence"; and (4) "[u]tilizing public funds to facilitate the unauthorized surveillance of a private citizen." Dkt. 2 at 1–2. In support of her motion for a TRO, Ms. VanDusen briefly discusses the *Winter* factors. *Id.* at 4–5. When discussing the first *Winter* factor, likelihood of "success on the merits," Ms. VanDusen mentions "physical evidence" of things like "misuse of public funds" and "digital sabotage," but does not discuss the actual claims, the laws they are brought under, or their likelihood of success against the Defendants. The Court has also reviewed the evidence packets attached to Ms. VanDusen's pleadings (Dkts. 7-3, 7-4), which consists primarily of communications surrounding a public records request, and Ms. VanDusen's own statements regarding technology problems that she attributes to digital sabotage and surveillance. These statements are not plausibly connected to any allegations against the Defendants. Therefore, Ms. VanDusen's motion for a TRO is denied.

### IV.   CONCLUSION

Ms. VanDusen's motion for a TRO (Dkt. 2) is DENIED. If Ms. VanDusen wants to continue pursuing this case, she must file a proposed amended complaint no later than May 1, 2026. The amended complaint must include a short, plain statement explaining (1) the grounds for the Court's jurisdiction, (2) the claims asserted against Defendants, (3) specific facts that

ORDER - 5

Ms. VanDusen believes support each claim, and (4) the relief requested. Otherwise, the Court will dismiss her complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER - 6