UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMI KAY VANDUSEN,<br><br>             Plaintiff,<br><br>     v.<br><br>KALEI LAFAVE, JORDAN SANDERS,<br><br>RYAN JURVAKAINEN, KEITH YOUNG,<br><br>RICHARD DAHL,<br><br>             Defendants. | Case No. 3:26-cv-05261-TMC<br><br>ORDER DENYING REQUEST FOR<br>COURT-APPOINTED COUNSEL |

## I.    INTRODUCTION

Before the Court is *pro se* plaintiff Tami Kay VanDusen's request for court-appointed counsel. Dkt. 8. For the reasons explained below, Ms. VanDusen's request is DENIED.

## II.    BACKGROUND

Ms. VanDusen began the instant case on March 13, 2026, when she filed her complaint and an application to proceed *in forma pauperis*. Dkts. 1–2. The Honorable Grady J. Leupold granted Ms. VanDusen's motion to proceed *in forma pauperis*. Dkt. 6. On March 16, Ms. VanDusen filed the instant motion for appointment of counsel. Dkt. 8. After reviewing Ms. VanDusen's complaint pursuant to 28 U.S.C § 1915, the Court directed Ms. VanDusen to

ORDER DENYING REQUEST FOR COURT-APPOINTED COUNSEL - 1

remedy the deficiencies in her complaint by May 1, 2026, otherwise her case would be dismissed without prejudice. Dkt. 9.

### III.    LEGAL STANDARDS

Ms. VanDusen's initial complaint contains a claim of "violation of the 4th Amendment." Dkt. 7 at 37. The Court construes this as a claim made under 42 U.S.C. § 1983.[1]

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel." *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied* 545 U.S. 1128.

---

[1] If a plaintiff is pro se, the Court "'construe[s] the pleadings liberally' and 'afford[s] the petitioner the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

ORDER DENYING REQUEST FOR COURT-APPOINTED COUNSEL - 2

While any litigant "certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. They must demonstrate both some likelihood of success on the merits and that they are unable to articulate their position due to the complexity of claims. *See Rand*, 113 F.3d at 1525.

## IV.    DISCUSSION

Ms. VanDusen requests court-appointed counsel after unsuccessful attempts to obtain counsel on their own. Dkt. 8 at 2. "Over the past several months," Ms. VanDusen "contacted multiple attorneys and law firms," but was "unable to secure representation due to financial hardship, the complexity of the issues involved, and the resources required for a federal case." *Id.*

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Ms. VanDusen's application and the information she has provided, she has not established any "likelihood of success on the merits," nor has she identified circumstances rendering her case "exceptional" or of such complexity that warrants appointment of counsel. *Wilborn*, 789 F.2d at 1331.

## V.    CONCLUSION

For the previously mentioned reasons, Ms. VanDusen's request for court-appointed counsel is DENIED. Dkt. 8. The Court encourages Ms. VanDusen to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of April, 2026.

ORDER DENYING REQUEST FOR COURT-APPOINTED COUNSEL - 3

Tiffany M. Cartwright
United States District Judge

ORDER DENYING REQUEST FOR COURT-APPOINTED COUNSEL - 4